IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| L■■ C■■, Individually by and through her parents and next friends, D'ANDRE COOK and MESSAYA MARSHALL 1508 Cypress Street Baltimore, Maryland 21226 | * |
| D'ANDRE COOK 1508 Cypress Street Baltimore, Maryland 21226 | * |
| and | * |
| MESSAYA MARSHALL 1508 Cypress Street Baltimore, Maryland 21226 | * |
| Plaintiffs, v. | * |
| MARYLAND GENERAL HOSPITAL 827 Linden Avenue Baltimore, Maryland 21201 *SERVE ON RESIDENT AGENT:* MEGAN ARTHUR 250 W. Pratt Street, 24th Floor Baltimore, Maryland 21201 | * CASE NO.: |
| and | * |
| STEPHANIE DAVIS, M.D. 29 South Paca Street, Lower Level Baltimore, Maryland 21201 | * |
| Defendants | |

*   *   *   *   *   *   *   *   *   *   *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, L■■ C■■, Individually and through her parents and next friends, D'Andre Cook and Messeya Marshall, and D'Andre Cook and Messeya Marshall,

individually, by and through their undersigned counsel, H. Briggs Bedigian, and Gilman & Bedigian, LLC, hereby sue the Defendants, Maryland General Hospital, Inc. and Stephanie Davis, M.D. In support for their causes of action, claimants state:

### JURISDICTION, VENUE AND PARTIES

1. This medical negligence claim is instituted pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 - §3-2A-10, for the recovery of damages in excess of Thirty Thousand Dollars ($30,000.00). All conditions precedent to the filing of this lawsuit have been satisfied, including the filing of a Statement of Claim, Certificate of Merit and Expert Report and Waiver of Arbitration in the Health Care Alternative Dispute Resolution Office of Maryland.

2. Venue is proper in Baltimore City, Maryland.

3. Plaintiff attaches and incorporates herein by this reference the Certificate of Merit and Expert Report of Richard Stokes, M.D.

4. At all times material to this case, the Defendant, Maryland General Hospital, Inc., has been a Maryland Corporation engaged in the administration, staffing, operation, and supervision of a medical center in Baltimore City, Maryland, providing medical care and other services, acting individually and/or through its actual and/or apparent agents, servants and/or employees including, but not limited Stephanie Davis, M.D.

5. At all times material to this case, the Defendant, Stephanie Davis, M.D. (hereinafter "Dr. Davis"), has been a physician engaged in the practice of medicine in Baltimore City, Maryland, including at Maryland General Hospital, Inc., acting individually and/or through actual and/or apparent agents, servants and/or employees.

6. At all times of which Plaintiffs complain, the above referenced Defendants, individually and through their agents, servants and employees, represented to the Plaintiffs, and the general public, that they possessed the degree of knowledge, ability, and skill possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving Plaintiffs, Messeya Marshall and L███ C███, in the state of Maryland.

7. At all times mentioned herein, the Defendants, individually and/or through their agents and employees, provided medical care and treatment to Messeya Marshall and L███ C███.

## FACTS COMMON TO ALL COUNTS

8. On ███████████, Plaintiff, Messeya Marshall, who was 40 weeks pregnant, presented to Maryland General Hospital, Inc., at the bequest of her obstetrician for induction of labor. Upon admission to Maryland General Hospital, Inc., Ms. Marshall was transferred to the Labor and Delivery Ward where she came under the care of Dr. Davis and the hospital staff.

9. Messeya Marshall was admitted to the Labor and Delivery Ward at Maryland General Hospital, Inc., on ████████ for induction of labor. Upon presentation she was noted to be 40 3/7 weeks pregnant, obese, she also had a history of previous pregnancies complicated by macrosomic fetuses.

10. Despite the fact that Ms. Marshall was over 40 weeks; the Defendants decided to negligently attempt to vaginally deliver L███ C███, and at no time recommended Messeya Marshall a caesarian section which was required.

3

11.     During the vaginal delivery, L███ C███'s left shoulder became impacted. The Defendants then negligently managed the impaction by failing to utilize the proper birthing techniques, which ultimately led to a severe injury to L███ C███'s left arm.

12.     Due to the Defendants negligence, L███ C███ was ultimately diagnosed as suffering a brachial plexus birth injury and was referred to the Erbs Palsy Clinic. Despite treatment and therapy L███ C███, has never recovered and has suffered a permanent to her left arm and shoulder due to the negligence of the Defendants.

## COUNT I
### (Minor's Claim – Negligence)

13.     Plaintiffs, Messeya Marshall and D'Andre Cook, as Mother, Father and Next Friends of L███ C███, a minor, incorporate herein the above paragraphs 1 through 12.

14.     The above named Defendants were negligent and careless in their treatment and care of Messeya Marshall and L███ C███, in the following ways:

    a.  Negligent failure to recognize and treat Messeya Marshall and L███ C███, properly during labor;

    b.  Negligent delay in ascertaining that L███ C███ required delivery by means of cesarean section;

    c.  Negligent treatment in failing to perform the proper medical procedures in anticipation of delivering a large fetus;

    d.  Negligent delivery by failing to utilize the proper medical techniques to safely deliver L███ C███;

    e.  Negligent delivery of L███ C███, by utilizing improper techniques to deliver L███ C███;

    f.  Negligent failure to properly inform Messeya Marshall of the risks associated with vaginal delivery of L███ C███;

g.  Negligent failure to offer Messeya Marshall a cesarean section prior to the induction of labor and failing to order a cesarean section after a prolonged course of labor;

h.  Negligent failure to respond to signs and symptoms of arrested labor and fetal distress;

i.  Were otherwise negligent.

15. As a direct and proximate result of the negligence of the above named Defendants, the minor Plaintiff, L███ C███ sustained a severe brachial plexus injury. She has permanent disfigurement, neurological damage, developmental delays, and delays in fine and gross motor skills and other damages associated with her condition. All of the above injuries are permanent. As a direct result of these injuries, L███ C███, has and will continue to suffer economic and non-economic damages for which this claim is made. These economic and non-economic damages include, but are not limited to, lifelong medical attendance and care and other related services such as physical, occupational and physiological care; vocational rehabilitation; wage loss; pain, anguish, embarrassment and humiliation.

WHEREFORE, minor Plaintiff, L███ C███, through her Mother and Father as Next Friends, prays for judgment against the Defendants jointly and severally for all sums permissible for compensatory damages in an amount greater than the jurisdictional limit together with interest, costs, and such other relief as this Court finds just and proper.

## COUNT II
### (Parents' Claims – Economic Losses)

16. Plaintiffs, Messeya Marshall and D'Andre Cook, individually incorporate herein the above paragraphs 1 through 15.

17. The above named Defendants were negligent and careless in their treatment and care of Messeya Marshall and D'Andre Cook, in the following ways:

   a. Negligent failure to recognize and treat Messeya Marshall and L███ C███, properly during labor;

   b. Negligent delay in ascertaining that L███ C███, required delivery by means of cesarean section;

   c. Negligent treatment in failing to perform the proper medical procedures in anticipation of delivering a large fetus;

   d. Negligent delivery by failing to utilize the proper medical techniques to safely deliver L███ C███.;

   e. Negligent delivery of L███ C███, by utilizing improper techniques to deliver L███ C███;

   f. Negligent failure to properly inform Messeya Marshall of the risks associated with vaginal delivery of a macrosomic fetus;

   g. Negligent failure to offer Messeya Marshall a cesarean section prior to the induction of labor and failing to order a cesarean section after a prolonged course of labor;

   h. Negligent failure to respond to signs and symptoms of arrested labor and fetal distress;

   i. Were otherwise negligent.

18. As a direct result of the claims set forth the above Plaintiffs, Messeya Marshall and D'Andre Cook, bring claims for the economic damages they have suffered, including the cost of their daughter's care as well as their own pecuniary losses, including, but not limited to; all medical, therapeutic and education expenses.

WHEREFORE, Plaintiffs, Messeya Marshall and D'Andre Cook, individually pray for judgment against the Defendants jointly and severally for all sums permissible for compensatory damages in the amount of greater than the jurisdictional limit together with interest, costs, and such other relief as this Court finds just and proper.

## COUNT III
### (Informed Consent - All Defendants)

19. The Plaintiffs repeat, reallege, adopt and incorporate by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. The Defendants, owed the Plaintiffs the duty of appropriate notification to the Plaintiffs of the various alternatives and risks involved in various modalities of treatment.

21. The Defendants, were negligent in failing to adequately and appropriately to obtain and/or provide informed consent to the Plaintiffs and were otherwise negligent.

22. Had the Defendants fully informed the Plaintiffs of all of the risk and benefits associated with attempting a vaginal delivery, and informed the Plaintiffs of the necessity of a cesarean section, the Plaintiffs, like any reasonable person, would have elected to forgo vaginal delivery in lieu of a cesarean section.

23. The Plaintiffs further allege that as result of the negligent and careless acts and omissions of the Defendant as well as their agents, servants, and/or employees, the Plaintiffs' as well as their minor child have experienced a severe shock to their nerves and nervous system, pain, mental anguish, the loss of the ability to enjoy the normal pleasures of life, the loss of the ability to engage in life's usual activities, unnecessary procedures, unnecessary hospital and medical care and expenses, loss of earnings and earning capacity and was otherwise injured and damaged.

7

24. All of these injuries and damages were caused by the negligence of the Defendants individually, by through their actual and or apparent agents, servants and/or employees, without any negligence or want of due care on the part of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiffs, individually pray for damages against the Defendants, jointly and severally, in an amount that will fully and fairly compensate her in accordance with all applicable law.

Respectfully Submitted:

GILMAN & BEDIGIAN, LLC.

H. Briggs Bedigian
GILMAN & BEDIGIAN, LLC
108 W. Timonium Road
Suite 203
Timonium, Maryland 2093

*Attorney for Plaintiff*

## JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury on all of the issues raised in Plaintiff's Complaint.

H. Briggs Bedigian